# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| RANDY DWAYNE MORRISON | } | CASE NO. 04-85108-JAC-13 |
| SSN: XXX-XX-6862 | } | |
| BARBARA ANN MORRISON | } | |
| SSN: XXX-XX-5649 | } | |
| | } | CHAPTER 13 |
| Debtor(s). | } | |
| | | |
| PHILIP A. GEDDES, as standing | } | AP NO. 05-80088-JAC-13 |
| Chapter 13 Trustee | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| THOMAS S. BAKER, an Individual | } | |
| and, SMITH-BAKER, INC. a corporation, | } | |
| | } | |
| Defendant(s). | } | |

**MEMORANDUM OPINION**

On August 15, 2005, this matter came before the Court to be heard on cross motions for summary judgment filed in the above styled adversary proceeding brought by plaintiff, Philip Geddes, Chapter 13 trustee, to avoid two mortgages held by Thomas Baker and Smith-Baker, Inc. (hereinafter "Baker") on the debtors' property pursuant to the trustee's strong-arm powers under 11 U.S.C. § 544(a)(3). Upon due consideration of the pleadings and respective submissions of the parties, the Court finds that there exists no issue of material fact and that the trustee is entitled to summary judgment as a matter of law.

On April 26, 2005, the Court entered judgment in a separate adversary proceeding, 04-80202-JAC-13, filed by the debtors to determine the extent and validity of any lien held

by Baker against property owned by the debtors. The Court determined, without prejudice to the trustee's strong-arm powers and rights, that the documents attached to Baker's proof of claim entitled "Installment Loan and Disclosure Agreement" constituted mortgages under Alabama law against the debtors' real property.

On May 12, 2005, the trustee filed the above styled adversary proceeding to avoid the mortgages on the ground that same were not recorded in accordance with state law. Alabama law requires a conveyance of real property to be recorded at the office of the judge of probate in the city in which the property is located.[1] Pursuant to ALA. CODE § 35-4-90(a), an unrecorded mortgage is inoperative and void as to "purchasers for valuable consideration, mortgagees and judgment creditors without notice. . . ."[2] A trustee is treated as a bona fide purchaser of all the real property in a bankruptcy estate, with perfection attaching at the time the bankruptcy petition is filed pursuant to 11 U.S.C. § 544(a)(3). The trustee asserts that he is entitled to avoid the unrecorded mortgage transfers at issue pursuant to § 544(a)(3) of the Bankruptcy Code as a bona fide purchase for value without notice under state law.

Baker asserts that the trustee cannot use his strong-arm powers to avoid his unrecorded mortgages based on a constructive trust theory. Baker relies on the case of *City Nat'l Bank v. General Coffee Corp. (In re General Coffee Corp.)*, 828 F.2d 699 (11th Cir. 1987) in which the Court of Appeals rejected the debtor-in-possession's argument that it was entitled to use the strong-arm powers under § 544(a) to avoid a constructive trust. In *In re*

---

[1] ALA. CODE § 35-4-50, 62 (1975).

[2] *See also In re Haas*, 31 F.3d 1081, 1085 (11th Cir. 1994).

*General Coffee Corp.,* the bankruptcy court imposed a constructive trust on the assets of a Chapter 11 debtor based on the debtor's fraudulent financing scheme. The debtor-in-possession argued that a constructive trust is essentially an equitable lien that the trustee could defeat as a subsequent lienholder without notice. The Eleventh Circuit stated that an "equitable lien is superior to the right of all persons except bona fide purchasers, or subsequent valid lienholders, without notice," but the court explained that a constructive trust is not an equitable lien.[3] A constructive trust beneficiary "possesses an equitable ownership interest in the trust property, which is substantively different than an equitable lien against the property."[4] The court concluded that the debtor-in-possession could not exercise the trustee's strong-arm powers to avoid the constructive trust imposed on funds fraudulently obtained by the debtor because a trust beneficiary is entitled to trust assets over a judicial lienholder.

In the case before the Court, Baker is not a constructive trust beneficiary. A constructive trust is a trust relationship created "by equity to prevent the unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transactions that originates the problem."[5] The transactions between the debtors and Baker simply involves two unrecorded mortgages. The burden of

---

[3] *City Nat'l Bank v. General Coffee Corp. (In re General Coffee Corp.)*, 828 F.2d 699, 706 (11th Cir. 1987).

[4] *Id.*

[5] *Id.*

perfection was upon the parties creating the mortgages, not the trustee upon whom § 544(a)(3) grants the status of a bona fide purchaser for value without notice under state law.[6] As of the commencement of the case, "the trustee is considered a *bona fide* purchaser of real property in the bankruptcy estate and may avoid obligations of the debtor that are voidable by such a purchaser."[7] In *Abney v. Cox Enters. (In re Fulton Air Serv., Inc.)*, 777 F.2d 1521 (11th Cir. 1985), the Eleventh Circuit held that a trustee, as a bona fide purchaser of real property under § 544(a)(3), could avoid the state's unrecorded tax liens. The court stated "as between the State which has the right to record its liens for sales and use taxes and withholding taxes, thereby protecting itself against all purchasers, and a bona fide purchaser who has no means of protecting himself, fairness requires us to favor the bona fide purchaser."[8] In this case, the Court must likewise favor the bona fide purchaser, the Chapter 13 trustee, and avoid the unrecorded mortgages held by Baker pursuant to the trustee's strong-arm powers under § 544(a)(3).

Baker's own failure to protect himself by recording the mortgages does not give rise to facts that would entitle Baker to a constructive trust. The trustee, as a bona fide purchaser for value without notice, is entitled to avoid Bakers' mortgage liens pursuant to 11 U.S.C.

---

[6] *Thacker v. United Co. Lending Corp. (In re Thacker)*, 256 B.R. 724, 730 (W.D. Ky. 2000).

[7] *Kapila v. Atlantic Mortgage and Inv. Corp., et al. (In re Halabi)*, 184 F.3d 1335 (11th Cir. 1999).

[8] *Abney v. Cox Enters. (Fulton Air Serv., Inc.)*, 777 F.2d 1521, 1523 (11th Cir. 1985).

§ 544(a)(3). Baker's claim is due to be disallowed as a secured claim and reclassified as a general unsecured claim in the above entitled case.

Dated: August 23, 2005

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge


JAC/mhb
xc: Debtor(s)
 Philip Geddes, attorney for plaintiff(s)
 C. Wayne Morris, attorney for defendant(s)
 G. John Dezenberg, attorney for debtors
 trustee